

**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830

| | |
|---|---|
| Attorney: | James F. Sweeney (JS-7745) |
| | Nathaniel L. Eichler (NE 0715) |
| NH&S File No.: | 65000861JFS |



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SECO STEEL INTERNATIONAL LLC.,

          Plaintiff,

   – against –

TOKIO MARINE NEWA INSURANCE CO.,

          Defendant.
-------------------------------------------------------------------X

ECF CASE

09 Civ.

**VERIFIED
COMPLAINT**

    Plaintiff, SECO Steel International LLC., by its attorneys, Nicoletti

Hornig & Sweeney, as and for its Verified Complaint herein against Tokio Marine Newa

Insurance Co., alleges upon information and belief as follows:

## JURISDICTION

    1.  The following issues constitute questions of insurance coverage

under an Admiralty or Maritime contract of insurance and thereby come within the

Admiralty and Maritime jurisdiction of the United States District Court pursuant to Title

28 U.S.C. § 1333 *et seq.*, and within the meaning of Rule 9(h) of the Federal Rules of

Civil Procedure.

2.     Alternatively, the United States District Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship among and between plaintiff and defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and/or this Honorable Court has pendent, ancillary and/or supplemental jurisdiction over the subject matter of this action.

## PARTIES

3.     Plaintiff, SECO Steel International LLC. ("SECO"), is and was at all relevant times a corporation organized and existing under the law of the State of New Jersey with an office and place of business at 111 No. Central Ave. Ste. 315, Hartsdale, New York

4.     Defendant, Tokio Marine Newa Insurance Co. ("TMN"), is and was at all relevant times a corporation engaged in the business of marine insurance and is organized and existing under the law of some foreign jurisdiction with an office and place of business at N. 130, Sec. 3, Nanjing East Road, Taipei, Taiwan, and c/o East-West Services Inc. 3333 S. Brea Canyon Rd., Diamond Bar, California.

## FACTUAL BACKGROUND

5.     On or about September 29, 2008, Yieh United Steel Corporation ("YUSCO") and TMN contracted for an insurance policy (the "policy").wherein TMN agreed to insure YUSCO's  cargo shipment of Prime Hot Rolled Carbon Steel Plate ("steel plate")

6.     The property insured was listed as 618 pieces of plate, weighing 936.839 metric tons.

3

7.    Pursuant to the terms of the policy, the coverage of the goods extended from the warehouse of the Seller (the assured) to the warehouse of the Buyer. (a/k/a a 'warehouse to warehouse policy')

8.    YUSCO contracted for and sold the steel plate to SECO on CIF terms.

9.    By virtue of the sale, SECO was made a third party beneficiary to the policy, and/or the policy was duly negotiated to SECO.

10.    YUSCO contracted for the international shipment of the steel plate via ocean carrier as shipper.

11.    SECO was the consignee of the international ocean shipment.

12.    On or about September 30, 2008, an Ocean Bill of Lading No. SKSMKHNL00812000 was issued for the ocean carriage of 634.661 metric tons of the steel plate ("insured cargo") from the loading port of Kaohsiung, Taiwan to the discharging port of New Orleans, Louisiana onboard the M/V CHRYSOULA S.

13.    On or about December 29, 2009, the cargo shipment was discharged at New Orleans for upriver shipment via barge.

14.    New Orleans was an intermediary stop, en route to SECO's designated warehouse and the insured cargo's final destination in Michigan.

15.    SECO delivered the insured cargo to its buyer of the insured cargo, Contractor Steel Company ("Contractor").

16.    On or about February 20, 2009, SECO, was informed by its customer, Contractor, that a portion of the shipment of 634.661 metric tons of the insured cargo was rejected for heavy rust, physical damage and saltwater damage.

4

17.    Pursuant to the terms of the Policy, TMN is obligated to indemnify SECO for damage to the insured cargo caused by contact with saltwater and physical damage.

18.    The amount of the insured cargo damaged by saltwater and physical damage totaled 409,982 pounds.

19.    On or about December 17, 2008, an Outturn Survey Report was issued based on survey of the insured cargo while still in stow onboard the M/V CHRYSOULA S at the port of New Orleans.

20.    The Outturn Survey Report indicated physical damage to the cargo, likely attributable to improper loading, stowage and/or ocean carriage.

21.    On or about January 23, 2009 a Discharge Survey report was issued at Chicago, Illinois, indicating that any physical damage to the insured cargo was not likely to have been caused by the upriver barge shipment from New Orleans.

22.    On or about February 25, 2009, TMN, through its agent East-West Services, Inc., ("East-West"), wrongfully alleged that a sea protest by the ocean carriers must be obtained to validate a claim for saltwater damage to the insured cargo. The policy has no such requirement.

23.    On or about February 26, 2009, TMN, through its agent East-West, wrongfully alleged that discharge to a barge at the port of New Orleans ended the duration of the policy.

24.    On or about March 30, 2009, laboratory analyses were conducted on the insured cargo, at the request of and on behalf of TMN and/or East-West, that confirmed the insured's cargo contact with seawater and/or saltwater.

25.    On or about June 2, 2009, a survey report was issued, indicating positive results for seawater contact of the damaged insured cargo. This survey was conducted at the behest of, and on behalf of TMN and/or East-West.

26.    On or about June 4, 2009, SECO submitted its formal claim for all steel plates in the insured cargo damaged by saltwater to East-West, agent of TMN, pursuant to the terms of the policy and instructions from East-West.

27.    On or about June 23, 2009 East-West confirmed that it had forwarded the claim to TMN on June 14, 2009.

28.    On or about July 14, 2009, a joint survey report was conducted whose testing indicated the presence of chlorides on the steel plates, indicating seawater and/or saltwater contact with the insured cargo. The same was reported to TMN.

29.    On or about August 11, 2009, TMN denied the claim.

30.    The grounds upon which TMN purported to decline coverage were without legal or factual basis and willfully disregarded TMN's obligations under the Policy.

31.    The denial of coverage by TMN was made in, and constitutes, bad faith, and wanton dishonesty on the part of TMN.

32.    SECO and YUSCO have performed and fulfilled all their respective obligations and duties under the terms of the policy.

### As and For A First Cause of Action
### (Breach of Contract)

33.    SECO repeats and realleges its allegations contained in paragraphs "1" through "32" of this Verified Complaint as if fully set forth herein.

6

34.    TMN has breached their contractual obligations and duties to SECO under the terms of the policy.

35.    As a result of the aforementioned breach of the policy, SECO has been damaged in the amount of $234,240.29.

**As And For a Second Cause of Action**
**(Bad Faith)**

36.    SECO repeats and realleges its allegations contained in paragraphs "1" through "35" of this Verified Complaint as if fully set forth herein.

37.    The acts, omission and misconduct of TMN and those acting on its behalf, were undertaken and maintained without regard to TMN's obligations under contracts, without regard to TMN's obligations at law and without regard to TMN's obligations resulting from liability.

38.    SECO is entitled to recoup all legal fees and expenses incurred in connection with the prosecution of this action that have not been paid by TMN, together with punitive damages by virtue of TMN's acts, omissions, bad faith and misconduct.

**PRAYER FOR MARITIME ATTACHMENT PURSUANT TO RULE B OF THE SUPPLEMENTAL RULE OF ADMIRALTY OR MARITIME CLAIMS**

39.    SECO repeats and realleges its allegations contained in paragraphs "1" through "38" of this Verified Complaint as if fully set forth herein.

40.    TMN has no known offices nor conducts any known business in or with New York State or an adjacent jurisdiction.

41.    TMN is not registered to do business, nor has it appointed an agent for service of process in New York.

7

42.    This Court has no *in personam* jurisdiction over TMN for the purpose of adjudicating this action.

43.    SECO requests that Process of Maritime Attachment and Garnishment issue against TMN in order to exert jurisdiction over the defendant and to compel their appearance before this Court in this action.

44.    TMN, as in the insurer of the subject dispute, regularly conducts business with contracts denominating U.S. Dollar currency, necessitating funds transfers of U.S. dollars.

45.    Electronic U.S. Dollar currency transactions necessarily utilize the system of the Clearinghouse member banks, all located in the Southern District of New York, inevitably placing any of the defendant's U.S. Dollar transactions within the jurisdiction of this Court.

WHEREFORE, Plaintiff SECO prays for:

1)    Judgment in favor of SECO and against TMN on the First Cause of Action in the amount of $234,240.29 together with interests, costs and disbursements of this action.

2)    Judgment in favor of SECO and against TMN on the Second Cause of Action in the amount of $234,240.29 together with punitive damages, interests, costs and disbursements of this action.

3)    Issue process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to attach the tangible and intangible property of Defendant TMN if said

8

4)    Condemn and sell the tangible and intangible property of Defendant TMN to satisfy the judgment; and

5)    Such other, further and different relief as to this Court may deem just and proper.

Dated:  New York, New York
        September 11, 2009

                                    NICOLETTI HORNIG & SWEENEY
                                    *Counsel for SECO Steel Trading Inc.*

                              By:   _____
                                    James E. Sweeney (JS-7745)
                                    Nathaniel L. Eichler (NE-0715)
                                    Wall Street Plaza
                                    88 Pine Street, 7th Floor
                                    New York, New York 10005-1801
                                    Tel:    (212) 220-3830
                                    Fax:    (212) 220-3780
                                    Our File: 65000861JFS

9

## VERIFICATION

STATE OF NEW YORK    )
                                       : S.S.:
COUNTY OF NEW YORK    )

James F. Sweeney, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Plaintiffs herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiffs concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
JAMES F. SWEENEY

Sworn to before me this
11th day of September, 2009.

_____
Notary Public

T:\NEichler\65\861\Complaint-SECO v. Tokio Marine Newa.doc

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20 10

10